## Cornette v. McCoy, et al.

(Decided November 16, 1911.)

### Appeal from Floyd Circuit Court.

Advancements—Oral Partition of Mother's Land by Deeds Executed in Her Lifetime Invalid—Judgment of Chancellor Confirming Values Fixed by the Parties.—In an action by heirs to equalize advancements, held, that although an oral partition by children of their mother's lands carried into affect by deeds executed in her lifetime is not valid, yet a judgment confirming what the parties

themselves had done and based on the values fixed by them will not be disturbed where it appears that substantial justice was done.

HOPKINS & HOPKINS for appellant.

JAS. GOBLE and HARKINS & HARKINS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

William Stumbo, as administrator of the estate of Arty Fraley, brought this action against Mousie McCoy, Jemima Cornette, W. B. Fraley, J. D. Fraley and James Fraley, the children and only heirs at law of the decedent, for the purpose of settling her estate. He charged that she had made advancements to her children of unequal amounts, and he was unable to distribute the fund in his hands, amounting to about $1,200.00, until the amount of the advancements was ascertained, and to this end he asked an adjudication of their rights. Jemima Cornette came in by answer and cross petition and charged that she had received land of the value of only $800.00, whereas her brothers and sister had each received land of a value in excess of what she had received. She also charged that, in addition to the personal property in the hands of the administrator, her mother died the owner of a tract of land worth about $800.00, which she alleged was divisible without impairing its value, and which should be distributed in such a way as to equalize the advancements as far as possible. By appropriate pleadings her brothers and sister denied the allegations of Jemima Cornette's answer and cross petition, and further charged that, after their father's death and before their mother's death, all the children had made an oral division of their father's and mother's property, and that Jemima Cornette had received and accepted a certain tract of land conveyed to her as her full share in her father's and mother's estate, and claimed that under the circumstances she was not entitled to receive anything more.

It appears that on April 16th, 1897, James Fraley, Jr., J. D. Fraley, Jemima Cornette, Jerry Cornett and Anna Mouse Fraley conveyed to W. B. Fraley and Ida Fraley a certain tract of land in Floyd County, Kentucky, on Johns' Creek, and known as the H. P. Fraley farm. On the same day James Fraley, J. D. Fraley, W.

B. Fraley, Anna Mouse Fraley and Ida Fraley, the heirs
of H. P. Fraley, conveyed to Jemima Cornette, Jerry
Cornette and Aleck H. Ford, Jemima Cornette's son,
two tracts of land in Floyd County. What part of each
of these tracts of land belonged to H. P. Fraley, husband
of Arty Fraley, and what part to Arty Fraley, herself,
does not appear. The deed provided that tract No. 2
should be controlled by Jemima Cornette during her life
and at her death should pass to Aleck Ford.

Considerable testimony was taken as to the value of
the respective advancements, and upon submission of the
case the chancellor adjudged that Mousie McCoy and J.
D. Fraley were the owners of the $800.00 tract of land
belonging to Arty Fraley at the time of her death and un-
disposed of by her, and that their title thereto be quieted.
He then adjudged that Jemima Cornette and James
Fraley should receive, out of the funds in the hands of
the administrator, the sum of $300.00 each, before the
other children should receive anything; but if the funds
belonging to the estate were not sufficient to pay them
$300.00 each, then the funds on hand should be equally
divided between them. The judgment further provided
that, after the payment of $300.00 each to Jemima Cor-
nette and James Fraley, the balance of the funds in the
hands of the administrator should be equally divided be-
tween Jemima Cornette, J. D. Fraley and James Fraley.
The chancellor also held that W. B. Fraley had received
his full share. From this judgment Jemima Cornette ap-
peals.

Appellant's chief complaint is of that part of the judg-
ment quieting the title of Mousie McCoy and J. D. Fraley
to the $800.00 tract of land. In this connection it is in-
sisted that the deed to this tract is void because it was
an attempt on the part of the children of her mother to
convey their interest in their mother's estate before her
death. The weight of the evidence is to the effect that
appellant's brothers and sister did make an oral divis-
ion of their father's and mother's land before the death
of their mother, and the execution of the two deeds above
referred to was an attempt on their part to carry out
this agreement. Of course, the land conveyed to the
children by their mother cannot now be taken from them.
The advancements can be equalized only by the distribu-
tion of that part of her estate which was undisposed of.
While it is true that the oral partition of Mrs. Fraley's
lands during her life time by her children, and the deeds

executed pursuant to that agreement, are not valid, the effect of the chancellor's judgment was simply to confirm the values fixed by appellant and appellees upon their respective portions of their mother's estate. Were we to set aside the deed executed by Jemima Cornette, then for like reason the deed to her should be set aside; in which event the final result would be practically the same.

After carefully considering the evidence, we are of opinion that the judgment of the chancellor, giving effect to what the parties had agreed to and undertaken to carry out, does substantial justice.

Judgment affirmed.